EHRLICH, Justice,
concurring specially.
I join in and concur with the Court’s decision and opinion, but feel constrained to express a few thoughts of my own in this area which is important to both the judicial system as a whole, the bar and the public.
In 1977 The Florida Bar filed a petition for amendment of the Code of Professional Responsibility with this Court and included therein was a proposed maximum contingent fee schedule. This Court approved portions of the petition but declined to adopt the suggested maximum contingent fee schedule. In the Matter of The Florida Bar, 349 So.2d 630 (Fla.1977).
The reasoning advanced by the Court for declining to adopt a maximum contingent fee schedule has lost none of its cogency and is as valid today as it was then. We have been given no competent evidence of overall abuse of the contingent fee system which would warrant limiting or curtailing the right of contract between attorney and client.
However, one significant event has occurred which causes me to reconsider this question and to take a second look at a proposal for a maximum contingent fee schedule. The Florida legislature enacted the Comprehensive Malpractice Reform Act of 1985 which imposes a schedule on attorneys’ contingency fees in medical negligence cases. § 768.595, Fla.Stat. (1985). The Act provides that if this Court adopts a fee schedule, that the latter shall supersede the statutory schedule. While I seriously question the constitutional authority of the legislature to adopt a schedule of attorney’s fees because of the doctrine of separation of powers, I construe this as a request from the legislature that this Court promulgate a contingency fee schedule in medical malpractice actions to assure that contingency fees are not “inadequate or excessive” and that such fees are “fair and reasonable to assure proper representation” of the public in medical malpractice cases. I do not take lightly any request from a coordinate branch of government. For this reason alone, and with great misgivings and trepidation about taking the first critical step which impinges upon the constitutional guarantee of freedom of contract and the right of citizens to contract freely without governmental restraints so long as no fraud or deception is practiced, I am of the opinion, albeit reluctantly, that we should adopt a schedule of maximum contingency fees.
I recognize and appreciate that the legislative request is for a maximum contingency fee schedule confined to medical malpractice cases, but I cannot rationalize why such a schedule should be confined solely to the medical malpractice field and not to the entire area of personal injury cases. I am truly impressed by the studies made by and the joint report of The Special Commission to Study Contingent Fees and Referral Practices and the Tort Litigation Review Commission, and I defer to their considered judgment that the schedule be not confined to medical malpractice cases.
The bar’s petition is confined to DR 2-106 of the Code of Professional Responsibility entitled “Fees for Legal Services.” I am of the opinion that we are making a mistake in seeking to amend DR 2-106 without at the same time amending DR 2-107 entitled “Division of Fees Among Lawyers.” I do not believe we can deal fairly with attorneys’ fees without addressing the matter of referral fees. The legislature has expressed its view in this area in *967 section 768.595(4), Florida Statutes (1985).[1] Here again, I am of the opinion that the matter of division of fees among lawyers lies within the exclusive domain of the judiciary, but we should give heed to an expression by the legislature.
The fact of life today in the practice of law is specialization, particularly in the personal injury field. The proper handling of most medical malpractice cases requires a high degree of expertise which can only be acquired through time consuming experience. The same can be said for product liability cases. Referral of these cases and others in the personal injury field may well be the rule rather than the exception. Therefore it is difficult to talk about a fee which the attorney charges the client without also considering how the lawyer has to divide his fee with the referring attorney.
If we are going to put a cap on the amount of fee that can be charged a client, we should also put a cap on referral fees. The division of fees among lawyers directly affects the fee to be retained by the lawyer who carries the laboring oar in the litigation, and it is difficult, to say the least, to consider one without considering the other.
I well appreciate that the selfsame constitutional argument against a maximum fee schedule in contingency fee cases can be made against putting a cap or otherwise regulating the division of fees among lawyers. Having already crossed that first hurdle for the reasons previously expressed, I have no problem with the matter of division of fees among lawyers.
It is my earnest hope that the bar will study the question of the division of fees among lawyers with the same objectivity and scholarship that it gave to the matter of contingency fees, and that it will make an early report thereon to the Court along with its recommendations.

. § 768.595(4) reads:
(4) Each attorney or law firm sharing in a fee shall be legally liable to the claimant for any professional malpractice of any other attorney or law firm sharing in the fee to the same extent as if they were partners. No attorney shall share in any fee unless the attorney shall be available to the claimant for consultation concerning the matter. No attorney or any other person shall receive any fee merely for referring a claimant to another attorney for representation. The terms for sharing of any fee shall be disclosed to and approved by the client in a written document signed by the client and all attorneys or law firms sharing in the fee. The court shall inquire into the division of fees among attorneys and shall have the power to modify the division of fees between attorneys.